217 N.J. Super. 51 (1987)
524 A.2d 1281
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTOINE E. HAMILTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 24, 1987.
Decided April 23, 1987.
*52 Before Judges ANTELL, LONG and D'ANNUNZIO.
*53 Alfred A. Slocum, Public Defender, attorney for appellant (Michaelson and Einschlag, attorneys; Michael B. Einschlag of counsel and on the brief).
Jeffrey S. Blitz, Atlantic County Prosecutor, attorney for respondent (Thomas Cannavo, Assistant County Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
After a jury trial defendant was convicted of armed robbery, N.J.S.A. 2C:15-1, and sentenced to a term of 15 years in the custody of the Commissioner of Corrections. That conviction was reversed on appeal and after a retrial he was again convicted of the same offense and the same sentence was again imposed. He now appeals from that conviction on the ground that the trial court erred in permitting the State to read into evidence the transcribed testimony of a witness who had testified at the earlier trial.
On January 13, 1982 around 7:00 p.m. Joseph Biggs was standing with his back to the counter near the cash register in his food market. He turned and was confronted by a man in front of the counter wearing a dark snow suit, a knit ski mask over his face and a pair of black army boots. The man held a gun and said "This is a stick up." Biggs grabbed for the gun, and after a brief struggle the intruder released the weapon and ran out of the store.
Although Biggs knew defendant as a regular customer in the store, he was unable to identify him as the assailant. Reginald Battles, a worker in the store who also knew defendant, testified that he had seen him earlier that evening outside the store wearing a dark snow suit and dark army boots of the same kind that were worn by the robber.
Shannon Bunn testified at the first trial that he saw defendant talking to Battles outside the store fifteen to twenty minutes before the attempted robbery. Bunn was also an *54 employee of the store and was 13 years old at the time of the first trial, which was held almost a year after the crime. He confirmed that on the evening in question defendant was wearing a dark blue snow suit, black army boots and a navy blue hat. He also testified that he saw defendant by the store entrance putting on a ski mask immediately before the robbery.
Bunn did not testify at the second trial. Instead, the testimony which he gave at the first trial was received under Evid.R. 63(3) which permits such a procedure where the declarant in the first trial is "unavailable as a witness." Under Evid.R. 62(6) "unavailable as a witness" means that
(b) the witness is beyond the jurisdiction of the court's process to compel appearance, ... or (d) the proponent of the statement is unable, despite due diligence, to procure the attendance of the witness.
According to the State, at the time of the second trial, which began September 18, 1984, Bunn was "somewhere in Virginia." Its investigator apparently began his attempts to bring Bunn back to New Jersey by telephonically interviewing the witness' mother on July 20, 1984. Although she acknowledged that Bunn was living in Virginia with a foster family, Bunn's mother declined to furnish his address or telephone number. The investigator learned that Bunn was receiving welfare in Richmond, Virginia, but the Social Service Department there refused to disclose any further information. On this basis the State asserts that because the witness was beyond the jurisdiction of the court and because the State was "unable, despite due diligence," to procure his attendance, he was "unavailable" within the meaning of Evid.R. 62(6). We disagree that either of these conditions was satisfied.
Both the State of New Jersey and the Commonwealth of Virginia have adopted the Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings, N.J.S.A. 2A:81-18 to 81-23, known as the Interstate Compact. Although its provisions were available to the State to secure Bunn's attendance at the trial, they were never invoked. The State contends that to do so would have been *55 futile because it had no information as to Bunn's exact whereabouts and it would therefore have been impossible to effectuate any certificate which a court of this state might have issued under the compact.
We are unpersuaded that the State acted with due diligence to procure Bunn's attendance. It appears to us that it did little more than make a number of telephone inquiries in New Jersey and of people in Virginia as to Bunn's whereabouts and thereafter acquiesced in their refusal to cooperate.
The State's investigation should not have been so easily thwarted. No effort was made to enlist the aid of local police or prosecuting authorities in the area of Richmond, Virginia to locate the witness or to secure the needed information from the witness' mother by any form of testimonial compulsion. Nor was any attempt made to locate Bunn through the Richmond public school authorities. Indeed, the State's investigator never even visited Virginia.
As the United States Supreme Court said in Barber v. Page, 390 U.S. 719, 724-725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255, 260 (1968), a case similar to this,
... a witness is not "unavailable" for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.
The Supreme Court has also said that there are "few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." Pointer v. Texas, 380 U.S. 400, 404, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 927 (1965).
The proofs against defendant, although sufficient to support the conviction, were less than overwhelming. While circumstantial evidence pointed to defendant as the offender, Bunn was the only witness to furnish the highly incriminating *56 testimony that it was defendant who was wearing the ski mask. The error in receiving Bunn's transcribed testimony constituted a denial of defendant's right to have the jury observe the witness' demeanor and make a competent evaluation of his credibility. The error was one of federal constitutional dimension in that it infringed defendant's right of confrontation and we cannot say that it was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710-711 (1967). See also State v. Macon, 57 N.J. 325, 340 (1971).
Reversed and remanded for a new trial.