248 N.J. Super. 144 (1991)
590 A.2d 686
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT/CROSS-RESPONDENT,
v.
BERNARDO B. ROMAN, DEFENDANT-RESPONDENT/CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1991.
Decided May 10, 1991.
*146 Before Judges PRESSLER, BAIME and A.M. STEIN.
Martin C. Mooney, Sr., Assistant Prosecutor, argued the cause for appellant/cross-respondent (Stephen G. Raymond, Burlington County Prosecutor, attorney; Martin C. Mooney of counsel and on the brief).
Marcia Blum, Assistant Deputy Public Defender, argued the cause for respondent/cross-appellant (Wilfredo Caraballo, Public Defender, attorney; Marcia Blum of counsel and on the letter-brief.
The opinion of the court was delivered by BAIME, J.A.D.
*147 This appeal and cross-appeal present novel questions concerning the prerequisites for admission of a hearsay statement made by an alleged child victim in a sexual assault prosecution. Evid.R. 63(33) permits introduction of a statement by a child under the age of 12 if, after a hearing, the court finds that the declaration is trustworthy and either the witness testifies or, if unavailable, there is independent evidence corroborating the act of sexual abuse. We hold that the rule's age requirement is satisfied by proof that the declarant was under 12 years old when the statement was made, regardless of her age at the time of the scheduled trial. We also conclude, however, that the Uniform Act to Secure the Attendance of Witnesses (N.J.S.A. 2A:81-18 to -23) is applicable to child witnesses and that the prosecutor, by not utilizing available statutory remedies, failed to exercise due diligence in attempting to obtain the presence of the declarant for trial.

I.
In early spring of 1988, the Pemberton Township Police Department received information that defendant had sexually abused several children who resided in the apartment complex in which he lived. As part of the ensuing investigation, Detective Ralph Johnston took a statement from R.I., who was then ten years old, in which she reported that defendant had molested her on a number of occasions in his apartment. R.I. also recounted that she had observed defendant commit sexual acts upon other young children in his apartment. According to R.I., she had been threatened by defendant and thus had told no one of these incidents. A formal statement was taken from R.I. on May 31, 1988.
In July of 1988, the Burlington County Prosecutor's Office received reports from the parents of several children, including R.I.'s mother, claiming that they had been threatened by members of defendant's family. On July 28, 1988, a multi-count *148 indictment was returned charging defendant with sexual assault (N.J.S.A. 2C:14-2), terroristic threats (N.J.S.A. 2C:12-3a), hindering apprehension (N.J.S.A. 2C:29-3b(2)), and endangering the welfare of a child (N.J.S.A. 2C:24-4a). We need not describe the indictment in detail. Suffice it to say, it alleged that defendant had sexually abused and threatened R.I. and three other children.
Trial was originally scheduled for September 10, 1990. However, the prosecutor's office learned that R.I. and her mother had moved to Florida, in part because of defendant's threats. The prosecutor located the family in August of 1990 and issued a subpoena, but R.I.'s mother refused to permit the child to return to New Jersey. The prosecutor did not pursue the matter.
Instead, he filed a pretrial motion for the admission of R.I.'s hearsay statement, claiming that the declarant was unavailable. At the hearing, the prosecutor asserted that the statement was trustworthy and that there was independent admissible evidence corroborating R.I.'s account of defendant's criminal conduct. The Law Division agreed that R.I. was not available and that resort to the Uniform Act to secure her attendance would likely be futile in light of her mother's prior defiance of the subpoena. The judge nevertheless denied the State's motion on the basis that, although R.I. was ten years old when the statement was made, she had reached the age of 13 by the scheduled trial date. The judge construed Evid.R. 63(33) as requiring that the child victim be under 12 years of age at the time of the trial. An order embodying the court's decision was entered and this appeal and cross-appeal followed.

II.
We first address the question of whether R.I. was "unavailable as a witness." This phrase is defined in Evid.R. 62. The only definitions germane to the present inquiry are those contained in subsections (b) and (d), which state in pertinent part *149 that a witness is unavailable if "beyond the jurisdiction of the court's process to compel appearance," or where the "proponent ... is unable, despite due diligence, to procure [his] attendance." Evid.R. 62(b) and (d). The facts set forth in the affidavit supporting the prosecutor's motion satisfied neither of these evidentiary requisites.
R.I. was not beyond the Law Division's power to compel her appearance. Both New Jersey and Florida have adopted the Uniform Act to Secure the Attendance of Witnesses, commonly known as the Interstate Compact. See N.J.S.A. 2A:81-18; Fla. Stat. Ann. § 942.01. In State v. Hamilton, 217 N.J. Super. 51, 524 A.2d 1281 (App.Div. 1987), certif. den. 108 N.J. 581, 531 A.2d 1355 (1987), we said that the Interstate Compact's provisions were available to the prosecutor to secure the attendance of a 13-year-old witness. Id. at 54-55, 524 A.2d 1281. Implicit in our decision was the determination that the Interstate Compact applied to child witnesses. To put the matter at rest, we hold here that the Interstate Compact is available to secure the attendance of a child witness in a criminal prosecution so long as the statutory requirements are satisfied. These include a showing that the "witness is material and necessary" and his appearance "will not cause undue hardship." N.J.S.A. 2A:81-19.
We find that the prosecutor failed to exercise due diligence in seeking to procure R.I.'s appearance for trial. State v. Hamilton, 217 N.J. Super. at 54-55, 524 A.2d 1281. The mere fact that R.I.'s mother refused to honor a subpoena was not sufficient to establish that resort to the Interstate Compact would have been futile. We recognize the practical problems attendant to securing the appearance of child witnesses. These difficulties are accentuated when the children's parents do not wish them to testify and refuse to cooperate. However, the Interstate Compact provides measures to deal with defiant witnesses. See, e.g., N.J.S.A. 2A:81-19. These remedies and others, such as the contempt power and the appointment of a *150 guardian, can be molded to insure compliance by recalcitrant parents.
We acknowledge the concerns expressed by R.I.'s mother. We are sensitive to the rights of victims and wish to spare them any further suffering. However, other considerations are paramount. The law is entitled to every person's evidence. A witness cannot be made the final arbiter as to whether he or she will testify. So too, the rights of the accused must be considered. Although the demands of the hearsay rules and the Sixth Amendment's confrontation clause are not equivalent or congruent, the United States Supreme Court has said that both rest on "similar values." Idaho v. Wright, ___ U.S. ___, ___ 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638, 651 (1990). We need not determine the exact requirements imposed by the confrontation clause, because the precise issue is not before us. We note, however, that we are dealing here with an evidentiary rule not falling within the hearsay exceptions that have been historically and traditionally recognized. Id. at ___, 110 S.Ct. at 3147, 111 L.Ed.2d at 653. The fact that we are treading on new ground impels caution. Finally, we are concerned with the right of the public to insist that the best available evidence be used in the prosecution of crimes. See State v. Williams, 226 N.J. Super. 94, 102, 543 A.2d 965 (App.Div. 1988).
We thus conclude that the Law Division erred in its finding that the witness was unavailable. Because the prosecutor may wish to make further attempts to secure R.I.'s attendance, we will consider whether the age requirement contained in Evid.R. 63(33) bars admission of the witness's statement.

III.
The Law Division concluded that the age of the witness at trial was determinative in deciding whether Evid.R. 63(33) was applicable. In reaching this conclusion, the court reasoned that the object of the evidentiary rule was to counteract the intimidating atmosphere of the courtroom setting which often adversely *151 affects the ability of child witnesses to testify reliably. The Law Division determined that because witnesses 12-years-old and above have attained a greater level of maturity, the stress of the courtroom experience is less threatening. The court thus held that the exception to the hearsay rule was confined to children who have not attained the age of 12 at trial. We disagree.
State v. D.R., 109 N.J. 348, 537 A.2d 667 (1988), was the genesis of Evid.R. 63(33). Citing national studies and scholarly comment, our Supreme Court observed that "child victim accounts of incidents of sexual abuse are highly reliable." Id. at 360, 537 A.2d 667. See also National Legal Resource Center for Child Advocacy and Protection, Young Lawyers Division, American Bar Association, Recommendations for Improving Legal Intervention in Intrafamily Child Abuse Cases, (J. Buckley ed. 1982), § 4.3 at 34; Skoler, New Hearsay Exceptions for a Child's Statement of Sexual Abuse, 18 J. Marshall L.Rev. 1, 6 (1984); Note, A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases, 83 Colum.L.Rev. 1745, 1751 (1983); Note, The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations, 98 Harv.L.Rev. 806, 817 (1985). The Court reasoned that "[y]oung children, having no sexual orientation, do not necessarily regard a sexual encounter as shocking or unpleasant, and frequently relate such incidents to a parent or relative in a matter-of-fact manner." State v. D.R., 109 N.J. at 359-360, 537 A.2d 667. According to the Court, "[t]he overwhelming opinion of mental health workers, social welfare workers, and police investigators is that children almost never make false [sexual abuse] reports." Id. at 360, 537 A.2d 667, quoting Skoler, New Hearsay Exceptions for a Child's Statement of Sexual Abuse, 18 J. Marshall L.Rev. at 44-45. The Court contrasted the reliability of a child complainant's out-of-court statement with the "stress of the courtroom experience," 109 N.J. at 360, 537 A.2d 667, and found that the "unique limitations on the availability of evidence in such cases, as well as the demonstrated [trustworthiness] *152 of sex abuse complaints by child victims," justified the creation of a new hearsay exception. Id. at 362, 537 A.2d 667.
Because Evid.R. 63(33) is founded upon the presumed reliability of out-of-court statements of youthful sex abuse victims, we are convinced that the age of the declarant at the time the declaration is made is critical in determining whether the hearsay exception applies. More specifically, the evidentiary rule's age requirement is satisfied if the declarant was under 12 years of age when the statement was made. The fact that the declarant has reached the age of 12 or is older at the time of trial is irrelevant. Our interpretation of the rule is consonant with the language employed, comports with the reason for its existence, and is supported by important policy considerations. A contrary construction might encourage the defense to delay trial and hold the prosecutor captive to dilatory tactics. It is the presumed trustworthiness of a child victim's out-of-court statement that militates in favor of its admission. The passage of time does not detract from the reliability of the victim's account of an incident of sexual abuse.
We reject defendant's argument that the sole purpose of Evid.R. 63(33) is to bolster the credibility of a child witness subject to the intimidating atmosphere of the courtroom. In the typical case, where the child is available at trial, that may well be the impact of admitting the witness's out-of-court statement. That could not have been the sole object in adopting the hearsay exception, however, because Evid.R. 63(33) specifically envisions cases in which the declarant is not available for trial.

IV.
The Law Division judge made no findings concerning whether R.I.'s out-of-court statement was trustworthy. We note that a finding concerning the reliability of the statement must be drawn from the totality of the circumstances that surround the making of the declaration. To be admissible *153 under the confrontation clause, the statement "must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial." Idaho v. Wright, ___ U.S. at ___, 110 S.Ct. at 3150, 111 L.Ed.2d at 657. The courts have identified a number of factors relating to whether hearsay statements made by a child declarant in sex abuse cases are reliable. Id. at ___, 110 S.Ct. at 3150, 111 L.Ed.2d at 656. See also State v. Moritz, 245 N.J. Super. 504, 586 A.2d 290 (App.Div. 1991); State v. M.Z., 241 N.J. Super. 444, 575 A.2d 82 (Law Div. 1990). Should the prosecutor renew his application for admission of the hearsay statement pursuant to Evid.R. 63(33), the issue of trustworthiness should be fully explored and decided.
Affirmed.