Lowy, J.
The State of New York comes before this court to compel the attendance of Massachusetts resident, fifteen-year-old Joshua J. Gasdik (“Gasdik”), as a witness to testify in a criminal trial in New York. This court held a hearing to determine if Gasdik should be compelled to testify at the New York trial. For the reasons stated below, the court orders Gasdik to appear on November 22, 2004, at 9:00 a.m. before the County Court, County of Cattaraugus, State of New York.
BACKGROUND
On October 4, 2004, the Honorable Larry M. Himelein of Cattaraugus County, New York certified a request from the State of New York to secure the attendance of Gasdik at a murder trial. People v. Richard E. Childs, II. The New York judge certified that: (1) the trial commences on November 16, 2004; (2) Gasdik is a material witness to the proceeding; (3) Gasdik is within the Commonwealth of Massachusetts; (4) Gasdik’s presence is materially necessary for the trial; (5) Gasdik will not be caused undue hardship in presenting himself in New York; (6) the Laws of the State of New York will give Gasdik protection from arrest and service of civil and criminal process; and (7) the cost of the round-trip coach fare will be paid for by the State of New York, if required. On November 2, 2004, a Justice of this court issued a summons for Gasdik to appear for a hearing to determine whether to compel him to testify in the New York proceeding. This court conducted the hearing on November 3, 2004.
During the hearing, Gasdik’s attorney proffered that Gasdik was “at best a corroborative witness” because there were many other percipient witnesses to the alleged murder. He advised the court that Gasdik’s statement indicates that he did not witness the stabbing, but that he only saw a knife. The attorney further proffered that Gasdik is prepared to recant that statement. Gasdik’s statement to the police indicates that he observed the defendant put a knife to the alleged murder victim’s cheek and say: “(i]f you ever come back here I’ll kill you”; saw the defendant leaning over the victim; saw the defendant stand up holding a bloody knife and then heard the defendant say, “I *714 stabbed him.” The attorney conveyed Gasdik’s fear of returning to New York because the incident involved older teenagers and young adults who are part of “a bad crowd.” The attorney asserted that requiring Gasdik to return to New York was an undue hardship because of loss of time at school and fear for his personal safety.
DISCUSSION
In 1937, Massachusetts adopted the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings (the “Uniform Act”) in G.L.c. 233, §§13A-D. In the Matter of a Rhode Island Grand Jury Subpoena, 414 Mass. 104, 112 (1993). The Uniform Act creates a single jurisdiction for purposes of compelling the attendance of witnesses. Id. at 114. The procedure for compelling a Massachusetts resident to participate in an out-of-state investigation begins with a certification from a judge in the requesting state that a criminal proceeding is pending and that the Massachusetts resident is a material and necessary witness. G.L.c. 233, §13A; In the Matter of a Rhode Island Grand Jury Subpoena, 414 Mass. at 112. After receiving the out-of-state certificate, a Massachusetts court holds a hearing to determine whether compelling the witness’s attendance will cause undue hardship to the witness and whether the witness is material and necessary to the out-of-state proceeding. Id. The Massachusetts judge may choose to rely on the statement in the foreign certificate that the Massachusetts resident is material. Id. at 117. In the present case, the New York judge certiñed that a criminal trial is pending and that Gasdik is a material and necessary witness. This court may rely on the New York judge’s certificate as a matter of law for a finding that the witness is material and necessary. The court, however, in its discretion, takes a second look and independently determines whether compelling attendance will cause Gasdik undue hardship and whether he is a material and necessary witness. Id. at 116-17.
I. Undue Hardship
Neither G.L.c. 233, §13 nor the Uniform Act define undue hardship.[1] In a California prosecution, an Arizona judge denied the out-of-state request under the Uniform Act for three reasons: (1) [the witness] had been deposed earlier where she was available for cross-examination; (2) threats of physical harm had been made against [the witness] and her family; and (3) appearance in California would constitute an undue hardship on [the witness]. Acosta-Huerta v. Estelle, 7 F.3d 139, 141 (9th Cir. 1992).[2]InaKentucky case, the court held that it would have been an undue burden for a teenager to attend a criminal hearing because he could not get permission from a drug rehabilitation center he attended in a different state. Lovett v. Commonwealth, 103 S.W.3d 72, 83 (2003).[3]
With little guidance in the application of the statutory language of undue hardship in the Uniform Act, this court relies on the bedrock principle that the law is entitled to every person’s evidence. United States v. Nixon, 418 U.S. 683, 709 (1974). In Nixon, a unanimous Supreme Court emphasized:
The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the function of the courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense.
Id. Thus, “exceptions to the demand for every man’s evidence are not lightly created nor expansively construed for they are in derogation of the search for truth.” Id. at 710.
The Uniform Act recognizes the need for full disclosure of evidence for the prosecution, the defendant, and the public. For the prosecution, the need arises out of the prosecution’s burden of persuasion and the resulting need for “evidentiary depth to tell a continuous story.” Old Chief v. United States, 519 U.S. 172, 190 (1997). For the defendant, the need arises out of the Sixth Amendment right of confrontation and cross-examination as an essential requirement for a fair trial. Estelle, 7 F.3d at 143, citing Barber v. Page, 390 U.S. 719, 721 (1968) (citations omitted). See also Crawford v. Washington, 124 S.Ct. 1354, 1370 (2004) (quoting 3 W. Blackstone, Commentaries on the Laws of England, 373 (1768) (“[an] open examination of witnesses ... is much more conducive to the clearing up of truth”)). Moreover, the public has the right to insist that the best available evidence be used in the prosecution of crimes. State v. Roman, 248 N.J.Super. 144, 150 (1991).
Gasdik’s claim of undue hardship must be analyzed with recognition of justice’s demand for the truth, the burden of persuasion on the government, and the need for witnesses helpful to the defense. The main hardship expressed by Gasdik is a fear for his personal safety. Fear alone, absent a clear threat, is not enough to constitute undue hardship. Otherwise, trials involving allegations of violence would soon become a search for unfulfilled evidence, rather than a search for truth. Such a result would compromise the public’s confidence in the outcome of criminal proceedings and cause a fraying in the social compact between government and the people. Both the right to prosecute and the right to defend require the cooperation of witnesses with information helpful to the trier of fact. When that cooperation is not forthcoming, process must issue.
Gasdik is a fifteen-year-old boy who can offer eyewitness testimony that the defendant put a knife to the victim’s cheek, leaned over the victim and then stood up holding a bloody knife. This type of testimony provides the prosecution with “the evidentiary depth” *715 required “to tell a continuous stoiy" to satisfy its burden of persuasion. Old Chief, 519 U.S. at 190. Other than the nature of a murder trial which often involves an element of concern for the safety of witnesses and the assertion that the incident involves “a bad crowd,” Gasdik has not demonstrated that returning to New York represents a clear threat to his safety. While certain circumstances such as a specific threat, the possibility of psychological harm, or the tender age of a child witness might constitute an undue hardship, those circumstances are not present in this case. Gasdik’s expected testimony serves the public need to develop all relevant facts and the right to insist on the best available evidence without any countervailing threat to his well-being. Therefore, this court finds no undue hardship on Gasdik.
II. Materiality and Necessity
In addition to a determination of undue hardship, the Uniform Act requires a finding that Gasdik is material and necessary to the out-of-state proceeding. In the Matter of Rhode Island Grand Jury Subpoena, 414 Mass. at 112. When the expected testimony of a witness is merely cumulative of other available testimony to the same effect, the attendance of that witness requires an element of discretion on the part of the judge. Commonwealth v. Watkins, 375 Mass. 472, 489-90 (1978).
Though Gasdik’s attorney asserts that Gasdik’s testimony is merely corroborative of other testimony, this does not mean that the testimony is not material. In order to satisfy a standard of proof beyond a reasonable doubt, the government will seek to present a case of evidentiary richness and depth. Old Chief, 519 U.S. at 190. When the charge is murder and the witness puts the murder weapon in the hand of the accused and moments after the alleged incident hears the accused admit to the attack while holding a bloody knife, the witness’s testimony is material and necessary. Jurors yearn for corroboration. Indeed, the juxtaposition of robust corroborative evidence presented by the government against compelling impeachment evidence presented by the defense is where the battle is often forged. For these reasons, this court finds that Gasdik’s testimony is material and necessary to the criminal trial in New York.
ORDER
It is therefore ORDERED that the witness, Joshua J. Gasdik, appear before the County Court, Couniy of Cattaraugus, State of New York at the Courthouse located at 303 Court Street, 3rd Floor, Little Valley, New York at 9:00 a.m. on the 22nd day of November 2004.

The paucity of cases suggests a relatively high burden in resisting attendance at trial in the requesting state because judges are only required to issue an opinion upon denial of another state’s request. Kent B. Smith, Criminal Practice and Procedure §1554, at 114 (1983).

In this habeas corpus action, the United States Court of Appeals for the Ninth Circuit held that the prosecutor did not improperly effect the witness’s absence by failing to persuade the Arizona judge to force the witness to testify. Estelle, 7 F.3d at 143. Therefore, the witness was properly considered “unavailable” under the rules of evidence and the former testimony of the witness was allowed into evidence. Id. 144.

In Lovett the prosecution did not seek compulsoiy attendance under the Uniform Act and the appellant claimed that failure to do so demonstrated a lack of good faith on the part of the prosecution. Lovett, 103 S.W.3d at 83. The Kentucky Supreme Court held that the trial court reasonably concluded that the witness’s inability to receive a pass from the treatment center showed an undue burden on the witness and any effort under the Uniform Act by the prosecution would have been futile. Id.